NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE, VACATION AND APPRENTICE FUNDS, et al., | |
| Plaintiffs, | Civil Action No. 07-1681 (GEB) |
| v. | **MEMORANDUM OPINION** |
| COBRA PAINTING, INC., et al., | |
| Defendant. | |

**BROWN, Chief Judge**

This matter comes before the Court upon Defendants Cobra Painting, Inc.'s, et al. ("Defendants") Motion to Vacate Default Judgment and a Motion for Leave to File an Answer, and Plaintiffs International Union of Painters', et al. ("Plaintiffs") Motion for Attorneys Fees and Costs. The Court has decided the motion based on the parties' written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the following reasons, the Court denies Defendants' Motion to Vacate Default Judgment and for Leave to File an Answer out of time, and grants Plaintiffs' Motion for Fees and Costs.

I.   BACKGROUND

Plaintiffs filed a Complaint on April 10, 2007, against Defendants pursuant to 29 U.S.C. §

1132 and § 1145 and 28 U.S.C. § 185. (Compl. ¶ 1) (Docket Entry No. 1.)   A Summons to compel an answer to the Complaint was issued and mailed to Defendants on April 11, 2007, which provided that Defendants had twenty days to respond.  (Summons April 11, 2007) (Docket Entry No. 2.)  No response was received.  On June 18, 2007, Plaintiffs filed a request for default, which the Clerk refused to enter on June 19, 2007, due to questionable service.  (Pls.' Request for Default (Docket Entry No. 3); Letter dated June 19, 2007 (Docket Entry No. 4).)  Plaintiffs again filed its request for entry of default on November 16, 2007, which was entered by the Clerk on November 19, 2007. (Pls.' Request for Default (Docket Entry No. 5); Entry of Default.)  Plaintiffs first filed a Motion for Default Judgment on November 30, 2007, but withdrew the motion on December 17, 2007, advising the Court that Plaintiffs had "received communication from Mr. Joseph Cicala, Esquire, attorney for Defendants" that "indicated that . . . Defendants' desire[d] to file an answer in this matter."  (Pls.' Mot. Default J. (Docket Entry No. 6); Letter dated Dec. 17, 2007 (Docket Entry No. 7).)  The Court ordered the motion withdrawn on December 20, 2007. (Order dated Dec. 20, 2007 (Docket Entry No. 8).)

Thereafter, Defendants attempted to file an Application and Clerk's Order for extension of time, but the Clerk of Court rejected the application, and in a letter dated January 16, 2008, advised Defendants at the Court's direction to file a formal motion for leave to file an answer out of time. (Letter dated Jan. 16, 2008) (Docket Entry No. 9.)  Plaintiffs filed their second Motion for Default Judgment on February 13, 2008, which the Court granted on March 7, 2008.  (Pls.' Mot. Default J. (Docket Entry No. 10);  Order dated Mar. 7, 2008 (Docket Entry No. 11).)

On March 10, 2008, Plaintiffs filed an affidavit of Brett I. Last, attorney for Plaintiffs, in which he requests that the Court award attorney's fees and costs totaling $4,457.36. (Aff. of Brett

2

I. Last ¶ 11) (Docket Entry No. 12.) Defendants filed a Cross-Motion on March 11, 2008, for Leave to File an Answer out of time, and to Vacate the Default Judgment. (Defs.' Mot. Default J.) (Docket Entry No. 13.) Plaintiffs filed a letter brief in opposition to Defendants' motion on March 17, 2008, arguing that Defendants' motion should be denied because they cannot demonstrate "excusable neglect" and because they have not presented any meritorious affirmative defenses. The Court's consideration of these motions follows.

## II.  DISCUSSION

### A.  Motion to Vacate Default Judgment

#### 1.  Standard of Review

Rule 60(b)(6) provides for grounds for relief from a final judgment, and states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Third Circuit has stated "that only extraordinary, and special circumstances justify relief under Rule 60(b)(6)." Pridgen v. Shannon, 380 F.3d 721, 728 (3d Cir. 2004) (citing Page v. Schweiker, 786 F.2d 150, 158 (3d Cir. 1986) (quotations omitted)). Indeed, "[a] party seeking such relief [under Rule 60(b)(6)] must bear a heavy burden of showing circumstances so changed . . . that, absent such relief an 'extreme' and 'unexpected' hardship will result." Hodge v. Hodge, 621 F.2d 590, 593 (3d Cir. 1980) (citation omitted).

In the present case, Defendants argue that such relief is warranted because they "were in constant contact with the Plaintiffs' counsel in order to resolve the issues contained in the Complaint," that an "audit was arranged and conducted between the accountants for the respective

parties," but that Plaintiffs did not provide Defendants with the results of the audit until they were attached to Plaintiffs' Notice of Motion for Entry of Default, that Defendants "attempted to file an Answer to this matter on January 8, 2008 by filing [an] . . . Application for Extension of Time to Answer and Answer with the Clerk," and that "[o]n January 18, 2008, [Defendants] received correspondence . . . stating that the filing was not accepted."

Defendants do not specify the particular section under Rule 60(b) upon which the motion is based. For this reason, the Court concludes that analysis must proceed under Rule 60(b)(6), which gives the Court the discretion to award relief for "any . . . reason that justifies relief." However, Defendants' arguments are without merit because these circumstances are neither "extraordinary" nor "special." Pridgen, 380 F.3d at 728 (citations and quotations omitted). Defendants do not provide any reason for failing to file an Answer to the Complaint, and simply argue that counsel was "in constant contact" their adversary. Defendants have provided absolutely no reason to justify imposition of the extraordinary relief available under Rule 60(b). Moreover, Defendants' Answer was rejected by the Clerk's Office on January 16, 2008, as out of time. (Docket Entry No. 9.) The Court did not enter the default judgment until March 7, 2008, almost two months later. (Docket Entry No. 11.) Defendants did not follow the Clerk's direction during those two months and file a motion for leave to file a motion out of time, and have not in the instant motion made any attempt to explain why extraordinary relief should be granted. Therefore, the Court denies Defendants' Motion. Accordingly, the Court dismisses Defendants' Motion for Leave to File an Answer as moot.

    **B.**    **Motion for Attorneys Fees and Costs**

Plaintiffs have not filed a formal motion for attorney's fees and costs. Rather, Plaintiffs'

counsel, on March 10, 2008, filed an "affidavit for award of attorney's fees" requesting that the Court, in addition to the entry of default judgment, award Plaintiffs' counsel attorney's fees and costs pursuant to Section 502(g)(2)(B) of ERISA, which provides that "in any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan . . . interest on the unpaid contributions."  29 U.S.C. § 1132(g)(2)(B).  Defendants have not filed a response in opposition to the affidavit.

Because Plaintiffs have failed to comply with the pertinent provisions in Local Civil Rule 7.1, the Court will not consider Plaintiffs' arguments.  The Court will allow Plaintiffs thirty days from the filing of this opinion in which to perfect and file the motion.

### III. CONCLUSION

For the forgoing reasons, the Court denies Defendants' Motion to Vacate the Default Judgment, dismisses Defendants' Motion for Leave to File an Answer as moot, and will give Plaintiffs thirty days from the filing of this opinion to file a motion for attorneys fees and costs.  An appropriate form of Order accompanies this Opinion.

Dated: September 29, 2008

                                                                                  _____
                                                                               GARRETT E. BROWN, JR., U.S.D.J.